# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

TINA ALEXANDER,

Plaintiff−Appellant,

versus

WELLS FARGO BANK, N.A.,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:15-CV-1596

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tina Alexander defaulted on her mortgage.  To stem foreclosure, she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20289

sued Wells Fargo Bank, N.A. ("Wells Fargo") *pro se*. The district court granted Wells Fargo's motion for summary judgment and dismissed. This court reversed in part and remanded. Again, the district court dismissed, and Alexander, now represented by counsel, once more appeals.

The main dispute is whether Wells Fargo complied with applicable law regarding the handling of an Acknowledgment of Value. Alexander claimed her copy was lost. During the previous appeal, Wells Fargo supplied a copy. On remand, the district court explained that "[c]onstrued liberally, Plaintiff's complaint stated a claim for quiet title based on Wells Fargo's failure to timely supplement a missing acknowledgment of Fair Market Value in violation of Texas Constitution Section 50(a)(6)(Q)(ix). . . . Plaintiff argues . . . that because Defendant allegedly did not provide a written Acknowledgment and failed to cure the alleged deficiency, she is entitled to summary judgment on her quiet title claim seeking to preclude foreclosure."

The district court announced its decision in a careful ten-page Memorandum Opinion and Order. It explained that "[t]he defect Plaintiff complains of— lack of an Acknowledgment of Fair Market Value—was not in fact a defect." (Footnote omitted.) The court concluded that "an Acknowledgment of Fair Market Value was fully executed at the time of closing."

Alexander has had ample opportunity to litigate her meritless claim. The judgment of dismissal is AFFIRMED, essentially for the reasons comprehensively stated by the district court.